[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on June 16, 1979 in Stamford, Connecticut. The court has jurisdiction as the plaintiff is a lifelong resident of Connecticut. Presently, there are two minor children of the parties. They are Sheri, born May 6, 1985 and Kathie, born September 11, 1989. The evidence indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 46, holds a high school degree. Her health is generally good, but she is temporarily partially incapacitated because of the presence of a cyst behind a knee and an injury to the patella caused by a fall. She is scheduled for corrective CT Page 4443 surgery in the near future. During the marriage in addition to being a homemaker with five children, the plaintiff worked as a waitress and baby-sitter.
The defendant, age 44, is also a high school graduate. He enjoys good health and is employed as a printer and binder.
Apparently this has not been a happy marriage for several years. The defendant's relationship with the plaintiff and their children has greatly and sadly deteriorated. Each party must bear some responsibility for the failure of their marriage.
 The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-56, 46b-81, 46b-82
and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) The plaintiff shall have sole legal and physical custody of the minor children. The court reserves decision on the defendant's visitation with the children. Elizabeth Bergen, Family Services Counselor, shall arrange family therapy sessions with a Stamford mental health agency to explore, promote and encourage the reestablishment of a meaningful relationship between the minor children and the defendant. The court reserves decision as to payment of the fees, in the event the parties are unable to agree. The court will hold a hearing in November 1999, to review the visitation issue and will make appropriate orders at that time. Either counsel or the family services counselor shall contact the family clerk in October, 1999 for a November hearing date.
(2) The defendant shall pay to the plaintiff as periodic alimony the sum of $110 per week. The payments shall commence on May 17, 1999 and continue weekly thereafter, in advance, until the death of either party, the plaintiffs remarriage, or May 16, 2007, whichever event first occurs. The pendente lite order shall continue through the week of May 10, 1999. A contingent wage withholding order may enter.
This order is based on the plaintiffs net weekly income of $128 from wage and $372 received weekly as a contribution from her male roommate, and the defendant's net weekly income of $925. CT Page 4444
 Although the plaintiff is sharing an apartment with an unrelated male, who is contributing to expenses, the court finds she requires some additional financial assistance from the defendant. However, in the future, the defendant may seek a modification of this order if there is a substantial increase in the plaintiffs wages and/or a substantial increase in her roommate's financial contributions. The defendant shall not be precluded from seeking relief in the future under Section 46b-86 (b) of the Connecticut General Statutes.
(3) In accordance with the Connecticut Child Support Guidelines, the defendant shall pay to the plaintiff the sum of $290 per week for the support of the two minor children of the parties. When the older child reaches majority, the child support obligation for the remaining child shall be in accordance with the guidelines in effect at that time.
 The payments shall commence on May 17, 1999 and continue weekly thereafter, in advance, until the death of either child, their becoming emancipated, reaching majority or graduating high school, whichever event first occurs. The pendente lite order shall continue through the week of May 10, 1999. A contingent wage withholding order may enter.
(4) There is a disagreement as to whether there is an arrearage of $434.79 on the pendente lite order. On June 1, 1999, the defendant shall either pay the plaintiff the claimed arrearage in full or furnish the plaintiff proof of payment of the disputed amount. The court reserves jurisdiction on this issue in the event of a dispute.
(5) The defendant shall provide medical insurance for the minor children of the parties. Unless there is written consent by the defendant to do otherwise, the plaintiff shall use the services of health providers within the defendant's medical plan. Unreimbursed and uninsured medical/dental expenses shall be shared as follows: 2/3 by the defendant and 1/3 by the plaintiff. Section 46b-84 (d) of the Connecticut General Statutes shall apply. The defendant shall permit the plaintiff to convert coverage under his medical policy for her benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiffs sole expense. CT Page 4445
(6) The parties both agree that the defendant should obtain a policy of life insurance on his life for the benefit of the minor children in the minimum face amount of $100,000. The court orders the defendant to comply with this agreement and furnish plaintiff with proof of compliance. The insurance shall remain in effect, at a minimum, so long as the defendant is responsible for child support. The court reserves jurisdiction in the event the defendant is unable to obtain life insurance in the amount ordered.
(7) The defendant shall transfer by appropriate QDRO to the plaintiff, 50% of each of his two pensions, determined as to value as of the date of April 30, 1999. The defendant's counsel shall prepare the necessary documents, at the defendant's expense. The court reserves jurisdiction to implement this order.
(8) Each party shall retain her/his automobiles and bank accounts, if any. Each shall retain the personal property in her/his possession.
(9) Except as provided herein, each of the parties shall be responsible for and pay the debts and liabilities which appear on their respective financial affidavits and shall indemnify and save harmless the other therefrom.
(10) The net process from the sale of the marital home shall be disbursed as follows:
a. Payment of St. Joseph Medical Center Bill — approx. $1,900;
b. Payment of SNET Bill — approx. $770;
c. Balance split equally between parties.
Judgment may enter accordingly.
NOVACK, J.